# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DON LLOYD COOK,

    Plaintiff,

v.

RYAN WINGO, individually,
JEFF SHEELER, individually,
JOHN S. JOE, individually,
WILLIAM J. BRYANT, individually and
JOHN DOES 1-5, individually,

    Defendants.

Case No.: 4:22-CV-548-KGB

## PLAINTIFF DON LLOYD COOK'S INTERROGATORIES TO SEPARATE DEFENDANT RYAN WINGO

## INTERROGATORIES

1. Please state your name, current residential address and residential addresses for the last ten (10) years, date of birth, place of birth and social security number.

**ANSWER:** Trooper Wingo objects to Interrogatory No. 1's request for all residential addresses as unduly burdensome, unlikely to lead to admissible evidence, and of too long a time period. Trooper Wingo further objects to the request for his SSN as unlikely to lead to admissible evidence. Subject to and without waving his objections, Ryan Wingo. Troop K, 200 Karen Street Hot Springs, AR 71901. (501) 767-8550. My Resident County is Garland County. Place of birth Hot Springs, Arkansas.

2. Please list the names, addresses, and telephone numbers of all persons known or believed by you to have knowledge of the occurrences alleged in PLAINTIFF's complaint who are not disclosed in your initial disclosures, including a brief description of the information known by each.

**ANSWER:** Trooper Wingo objects to Interrogatory No. 2's request for all believed to have knowledge as calling for information not possessed by the defendant, as unduly burdensome, unlikely to lead to admissible evidence, and in violation of attorney-client privilege. The request for a brief description for each person also calls for information not possessed by the defendant. Subject to and without waving his objections,
    1. Captain Jeff Sheeler was aware of Don Cook's presence and actions.

1

EXHIBIT 12

   a. Troop A. 1 State Police Plaza Drive, Little Rock, Arkansas 72209. (501) 618-8282
2. Captain Scott Joe was present at the protest on June 1, 2020
   a. Troop K. 200 Karen Street Hot Springs, AR 71901. (501) 767-8550
3. William J. Bryant was aware of the protest on June 1, 2020
4. Sergeant Jay McAllister. I spoke with Jay McAllister about the Use Of Force incident.. Jay McAllister told me to do an incident report.
   a. Troop A. 1 State Police Plaza Drive, Little Rock, Arkansas 72209. (501) 618-8282.
   b.

Defendant will supplement this Answer should any additional information be identified or discovered.

3. Please state whether you or anyone on your behalf obtained and/or provided any oral, written, or otherwise recorded statement regarding any of the matters set forth in PLAINTIFF's Complaint from any person identified in response to Interrogatory No. 2 above or identified in your initial disclosures, and describe the date, nature, form, and contents of each such statement.

**ANSWER:** Trooper Wingo objects to Interrogatory No. 3's request as calling for information he does not possess, as well as for being vague and ambiguous when describing "any of the matters" in the complaint. Subject to and without waving his objections, see Incident Report A-06/20-0696C. See also Jeff Sheeler's incident report from 6/1/20. I am unaware of any additional reports or other recorded statements.

Defendant will supplement this Answer should any additional statements be identified or discovered.

4. Please describe all employment positions you have held since your completion of high school.  With respect to each such position, state the name and address of your employer, the dates of your employment and the reason for termination of your employment.

**ANSWER:** Trooper Wingo objects to Interrogatory No.4's request of all employment positions since high school for being unduly burdensome, unlikely to produce admissible evidence and encompassing too long of a time period. Subject to and without waving his objections,

1. October 21, 2011 – October 20, 2019: Army Reserves as an IT specialist (E4).
2. Summer of 2013, 2014, and 2015: Magic Springs as a Lifeguard (part time)
3. 2013 – 2015: Cracker Barrell (full time)
4. 2015 – current: Arkansas State Police

5. Please state whether with respect to any employment you have ever been the subject of any complaint to any governmental body, agency, board or division, or law enforcement agency, including, but not limited to, the Arkansas State Police (ASP), FBI, the Department of Justice, or any local prosecutor's office.  If so, with respect to each such complaint, state the date of the

2

complaint, the nature and substance of the complaint, the name of the person or persons filing the complaint, the person(s) or entity to whom the complaint was made, whether any hearings or investigations were held or conducted pursuant to the complaint, and what action, if any, was taken in connection with the complaint.

> **ANSWER:** Trooper Wingo objects to Interrogatory No.5 because it violates attorney client privilege and the work product doctrine. It is also vague and ambiguous when describing "complaint." Subject to and without waving these objections, I have been the subject of four (4) complaints to the Arkansas State Police:
>
> 1. **B18-007.** The complaint was filed with the Arkansas State Police on 11/8/2018 by Freddrick Bowman. The complaint was for unprofessional conduct/bias-free policing, or violation of LE SEC 9. The Arkansas State Police Office of Professional Standards investigated, and the Arkansas State Police Command Staff Review Board met regarding whether there was a violation of policy. Colonel William J. Bryant concurred with the Command Staff Review Board that the complaint was unfounded.
> 2. **C18-044.** This complaint was filed with the Arkansas State Police on 12/18/2018 by Captain (now Major) Ron Casey for violation of GEN SEC 23, Vehicle Use. The Arkansas State Police Office of Professional Standards investigated, and the Arkansas State Police Command Staff Review Board met regarding whether there was a violation of policy. Captain (now Major) Ron Casey. The policy violation was sustained, and Captain (now Major) Ron Casey issued a written warning.
> 3. **C19-013**. This complaint was filed with the Arkansas State Police on 05/13/2019 by Captain (now Major) Ron Casey for violation of GEN SEC 23, Vehicle Use. The Arkansas State Police Office of Professional Standards investigated, and the Arkansas State Police Command Staff Review Board met regarding whether there was a violation of policy. The complaint was sustained, and Colonel William J. Bryant issued a letter of reprimand.
> 4. **C20-014.** This complaint was filed with the Arkansas State Police on 03/17/2020 by then Captain (now Major) Ron Casey for violation of GEN SEC 23-Vehicle Use. The Arkansas State Police Office of Professional Standards investigated, and the Arkansas State Police Command Staff Review Board met regarding whether there was a violation of policy. The complaint was sustained, and I signed a disciplinary agreement for a 2-day suspension.

6. Please state whether you have been the subject of any disciplinary action in the course of any employment, describe the reason for the disciplinary action and state the nature of the action taken.

> **ANSWER:** Trooper Wingo objections to Interrogatory No.6's request for any disciplinary action from any employment as being ambiguous and vague as what constitutes a disciplinary action. Also, the request encompasses too long of a time period and is unduly burdensome. Subject to and without waving his objections, in the course of my ASP employment, I have received a written warning, a letter of reprimand, and a 2-day suspension.

3

7. Please state whether you have received any special training for your current employment position, and, if so, state the nature and substance of the training you received, the inclusive dates of the period during which you received such training, the name and address of each specialized school or program you attended to receive such training and the degree or certificate, if any, that you received from each specialized school or program you received from each such specialized school or program.

**ANSWER:** Trooper Wingo objections to Interrogatory No.7's request for any special training conducted as vague and ambiguous. The requested details are also unduly burdensome. Subject to and without waving these objections, I graduated from US Military basic training and US Military IT training. Otherwise, see attached training certificates.

8. Have you ever been or are you currently a party, whether plaintiff or defendant, in any lawsuit or court proceeding, including divorce proceedings, bankruptcies and/or family court? If so, please indicate each such proceeding by case caption, case number and jurisdiction.

**ANSWER:** Yes. *Brittany Donner & Charles Donner v. Ryan Wingo*, 26CV-21-1309, Garland County Circuit Court.

9. Please state each and every occasion on which you have discharged a firearm and/or less lethal munition in the course of your professional law enforcement duties.

**ANSWER:** Trooper Wingo objections to Interrogatory No.9's request for any and every occasion he has discharged a firearm or less lethal munition during his professional law enforcement duties as vague and ambiguous as to what constitutes a less lethal munition. Subject to and without waving these objections,
1. Firearm – discharged on 6/2/2021.
2. Less lethal munition – discharged on 6/1/2020.

10. What was PLAINTIFF's physical location when you first observed him on June 1, 2020?

**ANSWER:** See Incident Report A-06/20-0696C. Capitol lawn.

11. Please identify all of the crimes you observed PLAINTIFF commit at any time June 1, 2020.

**ANSWER:** Trooper Wingo objects to Interrogatory No.11's request for calling for a legal conclusion. Subject to and without waving these objections, See Incident Report A-06/20-0696C. Plaintiff was out past curfew, and when an order to disperse was given, Plaintiff refused to leave.

12. Please identify all of the crimes for which you had probable cause on June 1, 2020 to arrest PLAINTIFF.

4

**ANSWER:** Trooper Wingo objects to Interrogatory No.12's request for calling for a legal conclusion. Subject to and without waving these objections

13. Please identify each and every person with whom you spoke or communicated, whether in person, over cell phone and/or any other form of communication, after PLAINTIFF was struck by your beanbag projectile, including any emergency medical technician and/or medical care provider, from June 1, 2020 to the date of PLAINTIFF's arrest.

**ANSWER:** Trooper Wingo objects to Interrogatory No.13's request as unduly burdensome and vague, as it is asking for literally every person Trooper Wingo spoke with for a nearly year-long period of time. Subject to and without waving these objections,

14. Please describe your use of force training prior to June 1, 2020, including training on less lethal munitions.

**ANSWER:** Trooper Wingo objections to Interrogatory No.14's request as unduly burdensome, as it asks for all training he has received prior to June 1, 2020. The request is also vague and ambiguous as to what is meant by training. Subject to and without waving these objections See attached training certificates. I also had to do a class prior to the qualification to shoot the less lethal munitions and then the qualification range. It was a yearly qualification, and I was only qualified in 2020. This was an internal ASP class – Jay McAllister (Troop A) and Levi Flemming (Troop D) conducted the training.

15. Have you ever triggered an early intervention system (EIS) alert or similar indicator for uses of force committed in the course of your duties as a law enforcement officer? If so, please identify each such instance including for each: (a) the approximate date of the EIS alert; (b) the approximate date of the use(s) of force; and (c) the nature and length of any interventions resulting therefrom.

**ANSWER:** Trooper Wingo objections to Interrogatory No.15's request for being ambiguous and vague as to what an EIS is. Subject to and without waving his objections, No.

16. Have you ever been required to seek treatment and/or therapy of any kind, including but not limited to anger management therapy, at any time in the course of your law enforcement career? If so, please indicate the reason you were required to seek said treatment and/or therapy, the dates of said treatment and/or therapy and the name(s) of the agency, organization or persons who provided said treatment and/or therapy.

**ANSWER:** Trooper Wingo objects to Interrogatory No.16 on the basis that it violates doctor-patient confidentiality, as well as HIPPA.

17. Did you arrest anyone during any protests occurring in Little Rock or Conway May 30, 2020 through June 3, 2020? If your answer is in the affirmative, please provide the name of each arrestee, the charge forming the basis for the arrest, the date the arrest occurred and the applicable ASP case and/or file number.

**ANSWER:** No.

18.     Prior to June 1, 2020, were you trained in crowd control and/or crowd management? If your answer is in the affirmative, please identify all such training, including the dates and locations, as well as the name(s) of any persons who trained you in these fields.

**ANSWER:** Yes, in Anniston, Alabama, at the FEMA training center in approximately 2017. It was a 1 week course on crowd control and/or crowd management. I do not remember the name of the instructor.

19.     Did you have any interactions with PLAINTIFF at any time prior to the events described in the ASP Incident Report No. A-06/20-0069P and ASP Incident Report No. A-06/20-0696C? If so, please describe any and all such interactions, including what if anything was said between you and PLAINTIFF, and identify any other persons in the vicinity at the time.

**ANSWER:** No.

20.     Did you have any interactions with PLAINTIFF after you fired beanbag rounds at PLAINTIFF on June 1, 2020 but before PLAINTIFF left the area where he was injured? If your answer is in the affirmative, please describe any and all such interactions, including what if anything was said between you and PLAINTIFF, and identify any other persons in the vicinity at the time.

**ANSWER:** No.

21.     Defining the term "untruthful" as "intentionally saying something that is false or incorrect," have you ever been untruthful in the course of your professional law enforcement duties? If so, please identify each such instance, including the approximate date you were untruthful, the proceeding(s) or event(s) during which you were untruthful and whether you were disciplined by ASP as a result of your untruthfulness.

**ANSWER:** Trooper Wingo objects to Interrogatory No.21 for the definition of untruthful being vague and ambiguous. No.

22.     Were any attempts made by you to identify the person described in the narrative portion of ASP Incident Report No. A-06/20-0069P and/or ASP Incident Report No. A-06/20-0696C at any time? If so, please indicate all such times, describing the actions and/or efforts in which you engaged to learn the identity.

**ANSWER:** No.

23.     Please provide the date that you first learned PLAINTIFF's identity, i.e., that PLAINTIFF was the person described in ASP Incident Report No. A-06/20-0069P and ASP Incident Report No. A-06/20-0696C.

**ANSWER: I am** unsure of the exact date, but it was around the time when Plaintiff filed with the Claims Commission.

Answering individual must sign and date a Verification and attach that Verification to the responses to this discovery requests. Signature of counsel is not acceptable.

Respectfully submitted,

Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
mikelaux@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by electronic email delivery on June 23, 2023, upon:

Mr. Justin Brascher
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
justin.brascher@arkansasag.gov

Mr. Noah P. Watson
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
noah.watson@arkansasag.gov

Michael J. Laux

Michael J. Laux  
E. Dist. Arkansas Bar No. 6278834  
One of the Attorneys for PLAINTIFF  
LAUX LAW GROUP  
400 W. Capitol Avenue, Suite 1700  
Little Rock, AR 72201  
Telephone: (501) 242-0750  
Facsimile: (501) 372-3482  
E-mail: mlaux@lauxlawgroup.com  
  mikelaux@icloud.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DON LLOYD COOK**                                                                                    **PLAINTIFF**

v.                                     CASE NO. 4:22-CV-548-KGB-PSH

**RYAN WINGO, JEFF SHEELER, JOHN S.**                                      **DEFENDANTS**
**JOE, AND WILLIAM J. BRYANT**

## VERIFICATION

I, Ryan Wingo, do hereby state that the facts contained in my Answers to Plaintiff's First Set of Interrogatories propounded to me in this case are true and correct to the best of my knowledge, information, and belief.

_Cpl Ryan A Wingo #549_
Ryan Wingo

7/11/2023
Date