**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DON LLOYD COOK**                                                        **PLAINTIFF**

**v.**                              **Case No. 4:22-cv-00548 KGB**

**RYAN WINGO,** *et al.*                                             **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is defendants' motion to exclude testimony of plaintiff's expert Thomas J. Tiderington (Dkt. No. 16). Plaintiff Don Lloyd Cook responded in opposition to the motion, and defendants filed a reply (Dkt. Nos. 29; 36). For the following reasons, the Court grants, in part, and denies, in part, the motion (Dkt. No. 16).

**I.      Summary Of Arguments**

Defendants argue that the testimony of Mr. Cook's expert Thomas J. Tiderington, who is anticipated to opine about police use of force, should be excluded on three grounds (Dkt. No. 16). Defendants do not appear to have deposed Mr. Tiderington and instead offer only his expert report in support of their motion. First, defendants argue that Mr. Tiderington's testimony should be excluded because his opinion on the reasonableness of Corporal Ryan Wingo's use of force is an inadmissible legal conclusion (*Id.*, ¶ 3). Second, defendants argue that Mr. Tiderington's testimony should be excluded because it involves inadmissible credibility determinations and evaluations of the evidence that are the responsibility of the jury (*Id.*, ¶ 4). Third, defendants argue that Mr. Tiderington's testimony should be excluded because it relies on model police rules and standards that are different from those used by the Arkansas State Police ("ASP") (*Id.*, ¶ 5).

Mr. Cook opposes the motion, arguing that Mr. Tiderington's opinions are based on nationally recognized and accepted police standards, witness statements, and his own years of

specialized training and experience in law enforcement (Dkt. No. 29, at 3). Mr. Cook further argues that, pursuant to Federal Rule of Evidence 704(a), an expert's opinion may embrace an ultimate issue (*Id.*, at 5).

## II.   Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See* Fed. R. Evid. 702; *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The language of Rule 702 changed in December 2023, but the substantive law did not. The change was intended to clarify that the preponderance of the evidence standard applies to expert opinions under this rule. *See* Fed. R. Evid. 702 (advisory committee's note to 2023 amendment) ("But many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a).").

A district court must ensure that testimony admitted under Rule 702 "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). "An expert may base an opinion on facts or data in the case that the expert has been made aware of or

personally observed." Fed. R. Evid. 703. "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." *Id.* When making the reliability determination, a court may evaluate whether the expert's method has been tested or subjected to peer review and publication, the method's known or potential rate of error, and the method's general acceptance. *Presley v. Lakewood Eng'g & Mfg. Co.*, 553 F.3d 638, 643 (8th Cir. 2009) (citing *Daubert*, 509 U.S. at 593-94).

These factors are not exhaustive, and a court must evaluate the reliability of expert testimony based on the facts of the case. *Id.* A court also may consider "whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 449 (8th Cir. 2008) (internal quotation marks omitted) (quoting *Lauzon v. Senco Prod.*, Inc., 270 F.3d 681, 686-87 (8th Cir. 2001)). When weighing these factors, a district court must function as a gatekeeper to separate "expert opinion evidence based on 'good grounds' from subjective speculation that masquerades as scientific knowledge." *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001). The purpose of these requirements "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

The proponent of expert testimony must prove its admissibility by a preponderance of the evidence. *Lauzon*, 270 at 686. "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony" and favors admission over exclusion. *Id.* (internal quotation marks omitted) (quoting *Weisgram v. Marley Co.*, 169 F.3d 514, 523 (8th Cir. 1999) (Bright, J., dissenting), *aff'd*, 528 U.S. 440 (2000). The determination as to the admissibility of expert testimony is within a district court's sound discretion. *See Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1182 (8th Cir. 1997).

Expert testimony is not admissible if it is "speculative, unsupported by sufficient facts, or contrary to the facts of the case," *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006), such that the testimony is "so fundamentally unsupported that it can offer no assistance to the jury[.]" *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 544 (8th Cir. 2006) (internal quotation marks omitted) (quoting *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004)). While some guesswork is necessary for expert testimony, "too much is fatal to admission." *Werth v. Hill-Rom, Inc.*, 856 F. Supp. 2d 1051, 1063 (D. Minn. 2012) (quoting *Grp. Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 760 (8th Cir. 2003)). However, disputes about the factual basis of an expert's testimony ordinarily implicate the credibility—not the admissibility—of the testimony. *Sappington*, 512 F.3d at 450; *see also Minn. Supply Co.*, 472 F.3d at 544. As long as the expert testimony "rests upon good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) (citations and quotations omitted). The exclusion of expert testimony is proper "only if it is so fundamentally unsupported that it can offer no assistance to

the jury[.]" *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (citations and quotations omitted).

It is wise to keep in mind that *Daubert* and its progeny "call for the liberal admission of expert testimony." *In re Bair Hugger Forced Air Warming Devices Prods. Liability Litig.*, 9 F.4th 768, 777 (8th Cir. 2021) (citation omitted). Thus, "the rejection of expert testimony is 'the exception rather than the rule.'" *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023) (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)). Finally, the Supreme Court has said, and the Eighth Circuit has reiterated, "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means' of addressing 'shaky but admissible evidence.'" *In re Bair Hugger*, 9 F.4th at 778 (quoting *Daubert*, 509 U.S. at 596). With these standards in mind, the Court turns to consideration of defendants' motion to exclude the expert testimony of Mr. Tiderington.

### III.   Analysis

As a preliminary matter, the Court is satisfied that Mr. Tiderington is qualified as an expert on law enforcement policies and procedures, including those concerning use of force and investigation, based on his extensive career in law enforcement leadership and training (Dkt. No. 16-1, at 2-3).

### A.   Impermissible Legal Conclusions

Defendants argue that Mr. Tiderington's testimony should be excluded because his testimony includes impermissible legal conclusions (Dkt. No. 17, at 3). For example, in Mr. Tiderington's report, he states that: "[t]he force used by Officer Wingo against Mr. Cook was excessive, needless, and objectively unreasonable in light of the totality of facts and circumstances. This excessive, needless, and objectively unreasonable force violated the Fourth Amendment to

the United States Constitution and falls below law enforcement standards of care regarding the use

of force." (Dkt. No. 16-1, at 17).  An expert's opinion "is not objectionable just because it embraces

an ultimate issue."  Fed. R. Evid. 704(a).  However, an expert may not testify to legal conclusions,

which are for the Court.  *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995).  In prior

cases, the Eighth Circuit Court of Appeals has determined that an expert's testimony on

reasonableness of police behavior in the light of Fourth Amendment standards is a statement of

legal conclusions and not admissible.  *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th

Cir. 2009) (citing *Peterson*, 60 F.3d at 475).  For these reasons, defendants seek to exclude Mr.

Tiderington's Opinions 1 and 2 and any related testimony (Dkt. No. 17, at 5).

      In response, Mr. Cook emphasizes that an expert's opinion may embrace an ultimate issue

and points to the terminology disclaimer in Mr. Tiderington's report which states that:

> [u]se of specific/similar legal terminology is not intended to draw legal conclusions
> or subvert the function of the court or inappropriately influence triers of the fact.
> The use of certain terms such as 'reasonable,' 'reckless', 'negligent,'
> 'unreasonable,' and 'foreseeable' are commonly used in my field of expertise, I
> used them often as a Police Chief, and when I train or communicate with law
> enforcement officers.

(Dkt. Nos 16-2, at 6; 29, at 1).  Mr. Cook is correct in that an expert opinion is not inadmissible

merely because it embraces an ultimate issue or because it incorporates legal terminology.  *See*

Fed. R. Evid. 704.  Instead, the Court must evaluate whether the expert's opinion is helpful to the

trier of fact.  *See Kostelecky v. NL Acme Tool/NL Indus., Inc.,* 837 F.2d 828, 830 (8th Cir. 1988)

(explaining "evidence that merely tells the jury what result to reach," which is typically described

as a "legal conclusion," "is not sufficiently helpful to the trier of fact to be admissible"); *see also*

*Schmidt*, 557 F.3d at 570 (noting that the expert's opinions "were not fact-based opinions" and

that his report was "devoid of any standards and explanations that would assist the trier of fact in

contextualizing his opinions"); *see also Lindt & Sprungli (N. Am.), Inc. v. GXO Warehouse Co., Inc.*, Case No. 22-00384-CV-W-BP, 2024 WL 893407, at *3 (W.D. Mo. Feb. 20, 2024).

Here, certain of Mr. Tiderington's testimony regarding the reasonableness of Officer Wingo's actions under the Fourth Amendment constitutes an inadmissible legal conclusion, based on controlling Eighth Circuit law.

However, not every part of Mr. Tiderington's expert report involves legal conclusions, not even every part of Mr. Tiderington's Opinions 1 and 2 which are challenged by defendants. Mr. Tiderington's report also concludes that Officer Wingo's use of force was excessive based on his years of law enforcement experience and the standards and model policies announced by various domestic and international law enforcement professional organizations (Dkt. No. 16-1, at 5-7, 17). Whether the force used was excessive is a question of fact for the jury. *Eighth Circuit Manual of Model Jury Instructions* (Civil) 4.40 (2023). Mr. Tiderington may be able to cure his testimony at trial by testifying about factual issues within his expertise without reference to legal conclusions.

For these reasons, the Court grants defendants' motion with respect to the claim that Mr. Tiderington's opinion about the reasonableness of Officer Wingo's actions under the Fourth Amendment is an inadmissible legal conclusion and denies defendants' motion in so far as it argues that Mr. Tiderington's Opinions 1 and 2 and that all of Mr. Tiderington's testimony related to his Opinions 1 and 2 should be barred (Dkt. No. 16). The Court will rule on contemporaneous objections to Mr. Tiderington's testimony at trial, if defendants determine his testimony strays into territory barred by this Order.

### B.    Generally Accepted Police Practices

Defendants also argue that Mr. Tiderington's opinion regarding the excessiveness of the force used in the light of generally accepted police practices is inadmissible because it relies on

model rules from the International Association of Chiefs of Police, other policing organizations, and his own experience rather than on ASP standards and procedures (Dkt. No. 17, at 7; *see also* Dkt. Nos. 16-1, at 2; 17, at 3).  The Court is unconvinced.  ASP standards and procedures, and whether those standards and procedures are followed in a certain case, are not determinative on whether force is excessive under the Fourth Amendment on the facts and circumstances of the particular case, and defendants cite no controlling case to this Court for such a proposition.

Differences in expertise bear on the weight of the evidence to be assigned by the trier of fact, not its admissibility.  *Daubert*, 509 U.S. at 596.  Whether Officer Wingo's actions conformed with generally accepted professional standards of care is relevant to determining whether his use of force was excessive.  The appropriate remedy for defendants' argument in this regard is vigorous cross examination at trial, not exclusion of the testimony.  To this extent, defendants' motion is denied.

### C.    Credibility Determinations

Finally, defendants argue that Mr. Tiderington's testimony should be excluded because he makes inadmissible credibility determinations and evaluations of the evidence (Dkt. No. 17, at 5).  "An expert may not opine on another witness's credibility."  *Engesser v. Dooley*, 457 F.3d 731, 736 (8th Cir. 2006) (citing *Bachman v. Leapley*, 953 F.2d 440, 441 (8th Cir.1992)).  Furthermore, expert opinions that "merely tell the jury what result to reach" regarding a factual dispute are not admissible when the subject matter of the dispute is within the jury's knowledge or experience. *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010).  Defendants object to a variety of specific statements from Mr. Tiderington's report that they characterize as making credibility determinations (Dkt. No. 17, at 6).  The Court understands Mr. Cook to respond that Mr. Tiderington does not usurp the role of the jury by improperly weighing the evidence but rather

reaches his opinion by taking account of the facts both in the light most favorable to Mr. Cook and in the light most favorable to defendants to reach his conclusions (Dkt. No. 29, at 4).

To the extent that Mr. Tiderington intends to testify at trial regarding the credibility of witnesses or to testify to facts that are within the expertise of the jury, this testimony is inadmissible. The Court grants defendants' motion with regard to such opinions.

However, not all of Mr. Tiderington's commentary on the factual record involves impermissible credibility determinations or impermissibly telling the jury what result to reach regarding a factual dispute the subject of which is within the jury's knowledge. For example, Mr. Tiderington writes in his report that: "[i]f the jury were to accept the Plaintiff's claims that these reports were formulated several months after the incident and falsely backdated to June 1, 2020, it would signify a departure from established police norms and protocols." (Dkt. No. 16-1, at 14). Mr. Tiderington may testify regarding the expert conclusion he would reach based on hypothetical questions. Therefore, much of Mr. Tiderington's testimony may be admissible at trial, depending on the questions Mr. Tiderington is asked and the precise language he uses in his answer.

For these reasons, the Court denies defendants' motion in so far as it argues that all of Mr. Tiderington's testimony should be barred (Dkt. No. 16). The Court will rule on contemporaneous objections to Mr. Tiderington's testimony at trial, if defendants determine his testimony strays into territory barred by this Order.

## IV.     Conclusion

For the foregoing reasons, the Court grants, in part, and denies in part, defendants' motion to exclude testimony of plaintiff's expert Thomas J. Tiderington (Dkt. No. 16). Mr. Tiderington may testify at trial consistent with the terms of this Order.

It is so ordered this 30th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge